## CHARLES L. BARTLETT *vs.* FRANKLIN BARTLETT & wife.

Under Gen. Sts. c. 108, §§ 2, 3, a mortgage of the land of a married woman held by her to her sole and separate use, executed without duress by her and her husband jointly, to secure a debt of her husband and a third person, is valid; and the fact that she signed a note for the same debt as surety for them is immaterial.

If a married woman has jointly with her husband executed a deed of land held by her to her sole and separate use, the effect of the words of grant in the early part of the deed is not controlled or varied by a statement in the last clause that she signs in token of her release of dower.

WRIT OF ENTRY, to foreclose a mortgage. The following facts were agreed in the superior court:

The demanded premises were conveyed to the female tenant on the 2d of December 1852, by Lyman Bartlett, who derived his title to the same from the other tenant. On the 3d of December 1860, the tenants executed to the demandant, both tenants being named as grantors at the commencement of the deed, a mortgage of the premises, with condition that if Franklin Bartlett and William Anderson, copartners, should pay to him $1325, the deed, and also a certain note, bearing even date with the mortgage, given by Bartlett and Anderson, and Mrs. Bartlett as surety, should be void. The concluding clause in the mortgage was as follows: "In witness whereof, we the said Franklin Bartlett and Esther A. Bartlett, in token of full and entire release of all right and title of or to dower in the granted premises, have hereunto set our hands and seals," &c. This mortgage was executed by Mrs. Bartlett at the request of her husband, and of the demandant's agent, to secure the debt of Bartlett and Anderson to the demandant. The debt was still unpaid, and the condition of the mortgage broken.

Upon these facts judgment was rendered in the superior court for the demandant, and the tenants appealed to this court.

*G. T. Davis & S. O. Lamb,* for the tenants. The deed contained no words showing that it conveyed the separate estate of the wife; and the words in the last clause show that her intention was simply to release dower. *Catlin* v. *Ware,* 9 Mass. 218.

*Lufkin* v. *Curtis,* 13 Mass. 223. *Leavitt* v. *Lamprey,* 13 Pick. 382. The wife has no legal power to execute a mortgage as security for her husband's debt. This is for many purposes an executory contract, and does not come within the statute. *Kirby* v. *Tead,* 13 Met. 149. *Lowell* v. *Daniels,* 2 Gray, 168. *Concord Bank* v. *Bellis,* 10 Cush. 278. 1 Hilliard on Mortg. 539. It conflicts with the policy of the statutes respecting the separate property of married women. Gen. Sts. *c.* 108, §§ 1, 3. As to her, there was no consideration. 1 Hilliard on Mortg. 561. *Wearse* v. *Peirce,* 24 Pick. 141. Nothing was due from her on the note.

*J. B. Thayer,* for the demandant, cited *Wilkinson* v. *Scott,* 17 Mass. 249; *Robertson* v. *Gardner,* 11 Pick. 146; *Woodward* v. *Seaver,* 38 N. H. 29; *Hadley* v. *Houghton,* 7 Pick. 29; *Swan* v. *Wiswall,* 15 Pick. 126; *Ames* v. *Foster,* 3 Allen, 541; *Beal* v. *Warren,* 2 Gray, 447; *Albin* v. *Lord,* 39 N. H. 196; *Bailey* v. *Pearson,* 9 Fost. (N. H.) 77; *Southard* v. *Plummer,* 36 Maine, 64; *Colvin* v. *Currier,* 22 Barb. 382; *Vanderheyden* v. *Mallory,* 1 Comst. 462; *Hulme* v. *Tenant,* 1 Bro. C. C. 16; *Murray* v. *Barlee,* 3 Myl. & K. 223.

BIGELOW, C. J. We can see no good reason for doubting the validity of the deed under which the demandant claims title. It is executed according to the mode prescribed in Gen. Sts. *c.* 108, §§ 2, 3, for the conveyance of real property belonging to the wife, whether the same is held simply in her own right, or as her sole and separate estate, free from the interference and control of her husband. From an early period in the history of this state, it has been usual for married women to convey lands of which they were seised in their own right by joining their husbands as grantors in deeds in the common form. By the provincial statute of 9 Will. III. enacted in the year 1697, Anc. Chart. 303, it was provided that all deeds or conveyances of land signed and sealed by the parties granting the same having good and lawful authority thereto, and acknowledged and recorded, should be valid to pass the same, without any other act or ceremony whatever. Under this enactment it was always held that a wife might convey her real property by joining as

grantor in the deed with her husband. The statute gave au-
thority to transfer by deed any estate which a person could alien
at common law by any mode of conveyance whatsoever. Inas-
much as the lands of a married woman could at common law
be aliened by suffering a fine and recovery with her husband, it
was deemed competent for her to effect the same object by exe-
cuting a deed with her husband conveying her estate according
to the provisions of the statute. *Thatcher* v. *Omans*, 3 Pick.
521. S. C. 4 Dane Ab. 257. *Swan* v. *Wiswall*, 15 Pick. 128.
Nor are we aware that any restriction on the right and power
of a married woman thus to convey her real property has ever
been recognized. Her authority to alienate her lands by joining
in the grant with her husband is full and absolute, and is sub-
ject to no qualification or restraint, either by the common law
of this state, or by the statutes regulating the rights of married
women to their property, other than the requirement that the
husband shall be a party to the deed, or, if it be her separate
property over which he has no control, that he shall either join
in the deed, or assent to the conveyance in writing. Even the
practice of examining the wife apart from her husband to ascer-
tain whether the deed is voluntary or is executed under the
persuasion or influence of the husband has never been adopted
in this commonwealth. Such examination was necessary by
the law of England, when the husband and wife suffered a re-
covery for the purpose of aliening the wife's lands. 2 Inst. 515.
Bac. Ab. Baron & Feme, I. But the conveyance by deed duly
acknowledged and recorded without other form or ceremony
seems to have been early used as a substitute for this incon-
venient and cumbersome mode of conveying the wife's real
estate. It follows from this view of the law, that the purpose or
object for which husband and wife join in a deed to convey the
wife's estate is wholly immaterial to the validity of the grant.
If it is voluntary, that is, not executed under duress, the deed
will be valid as against the grantors, although made to secure
the debt of the husband or of a third person. It does not tend
to impeach the conveyance to show that the wife had no interest
in the debt to secure which the deed was made, or that as to

her it was without consideration. A voluntary conveyance of land, considered as an instrument executed and not executory, without any consideration, is valid and sufficient to pass the title of the grantor. A mere want or failure of consideration is no ground of avoidance of a deed by a grantor after it is fully consummated. *Rogers* v. *Hillhouse*, 3 Conn. 398, 402. *Green* v *Thomas*, 2 Fairf. 318. Cruise Dig. (Greenl. ed.) tit. XXXII. *c.* 2, §§ 36, 38. It is only in the case of deeds which derive their effect from the statute of uses, as a bargain and sale or a covenant to stand seised to uses, that it is necessary to their validity that a consideration should be shown.

It was objected by the counsel for the tenants that the deed in question was invalid because it conflicted with the provisions of the statute relating to the separate property of married women. Gen. Sts. *c.* 108, § 1 *et seq.* But we can see no ground for this objection. That statute was not designed to abridge the power of married women, or to give them less authority over their separate real estate, which might be held by them free from the control and interference of their husbands, than they had at common law over lands held by them in their own right. Such would be the result, if a married woman could not convey her separate property to secure a debt due from her husband. But the decisive answer to this objection is, that the statute expressly authorizes a married woman to sell and convey her separate real property in the same manner as if she were sole, except that a deed of it shall not be valid, unless her husband joins in the conveyance or assents to it in writing. As has been already said, the deed to the demandant conforms to the requisitions of the statute.

It was also suggested that the conveyance was void because it was made to secure a note signed by a married woman, and that this being a void contract as to her, the deed of mortgage was also void. This might be a very sound argument, if the note was signed by the married woman alone. In such case, the note being void the demandant would not be entitled to judgment for possession. But the note is not void. It is a valid contract binding on the other promisors. It is therefore the ordinary case of a conveyance of real estate by a valid deed

to secure the payment of debt due to the grantee. Besides, the condition of the mortgage is not to secure the note, but to secure the payment of a certain sum of money by Bartlett and Anderson. This view is decisive of the right of the demandant to recover a conditional judgment, by which he is to have possession of the estate unless the whole sum due to him on the debt secured by the mortgage shall be paid.

It is hardly necessary to add, that the words in the last clause of the deed by which the wife released her claim to dower in the granted premises cannot be held to control all the previous parts of the deed. Such an interpretation would destroy the legal effect of the previous grant, and make the deed utterly void as a present conveyance of title in the granted premises. Such was clearly not the intent of the parties. The more reasonable conclusion is that this clause was inserted either without any very definite purpose, or, inasmuch as the estate conveyed had formerly been the property of the husband, it might have been intended to release a right of dower which it was supposed still remained in the wife.

*Conditional judgment for the demandant.*